UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN AKERMAN, | Case No. 2:24-cv-01602-GMN-EJY |
| Plaintiff, | |
| v. | ORDER |
| CAESAR GARDUNO, BRETT BASLER, et al., | |
| Defendants. | |

I.   **Introduction**

Pending before the Court is Plaintiff Martin Akerman's Civil Rights Complaint in which he names a general, brigadier general, colonel, human resources officer, an attorney with the National Guard, a "senior officer" with the Department of Defense, the Office of Special Counsel ("OSC"), the Merit System Protection Board ("MSPB"), and the National Guard Bureau as defendants. ECF No. 2-1. Plaintiff identifies 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents*, the Age Discrimination in Employment Act, the Whistleblower Protection Act, the Americans with Disabilities Act, the Posse Comitatus Act, the Fifth and Fourteenth Amendments, and relief under 5 U.S.C. § 1221(g)(1)(A)(i) as underlying his claims. Plaintiff tells a tale of reporting wrongdoing in the U.S Air Force, retaliation, an alternative dispute resolution process, transfer to another job, three different states (Arizona, Arkansas, and Nevada) commencing civil forfeiture actions, discrimination based on age, race, and perceived disability, and failures of the MSPB and OSC. Plaintiff says he seeks injunctive relief, declaratory relief, monetary damages, attorney's fees (he is *pro se*), costs, and other relief "to fully rectify the wrongs committed against" him.

II.   **Screening the Complaint**.

Upon granting a request to proceed *in forma pauperis*,[1] a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted

---

[1] The Court granted Plaintiff's application to proceed *in forma pauperis* on October 3, 2024 (ECF No. 15).

1

or seek monetary relief from a defendant who is immune from such relief. *Id.* Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

### III.    Claims that Must be Dismissed with Prejudice.

As agencies of the federal government the MSPB, National Guard Bureau, and OSC are immune from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("[a]bsent [the plaintiff showing] a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Further, Plaintiff cannot state a claim for money damages against any of the individual defendants in their official capacities as this is equivalent to a suit against the United States, which is immune. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949); *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Plaintiff also cannot state a claim under the Posse Comitatus Act as there is no private right of action under this law. Congress enacted the Posse Comitatus Act to "eliminate the direct active use of Federal troops by civil law authorities." *United States v. Banks*, 539 F.2d 14, 16 (9th Cir. 1976). Under the current version of the law, military personnel cannot assist in civilian law enforcement unless expressly authorized by Congress: "Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both." 18 U.S.C. § 1385. Based on the foregoing, the Court recommends dismissal with prejudice of all claims against agencies of the federal government and all claims for money damages against individual defendants in their official capacities. The Court further recommends Plaintiff's claim under the Posse Comitatus Act be dismissed with prejudice as there is no cause of action Plaintiff can state under this law.

**IV.     Personal Jurisdiction Appears to be Lacking as to All, but one Defendant**.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). As a general matter, if a relevant federal statute does not provide for personal jurisdiction, the "district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). Nevada's long-arm statute is coextensive with the requirements of federal due process. NRS 14.065; *Abraham v. Agusta, S.P.A.*, 968 F.Supp. 1403, 1407 (D. Nev. 1997). Consequently, the personal jurisdiction analysis under Nevada law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). For an exercise of personal jurisdiction to comport with federal due process, the non-resident defendant must have certain "minimum contacts" with the forum state such that an exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general (based on a forum connection unrelated to the underlying suit) or specific (based on an affiliation between the forum and the underlying controversy). *See, e.g., Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)). Plaintiff alleges neither here.

There are no facts alleged supporting a finding of general jurisdiction. Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (internal brackets in original; internal citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* at 1025 (citations omitted). The Ninth Circuit employs a three prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some

> act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot*, 780 F.3d at 1211 (citing *Schwarzenegger*, 374 F.3d at 802) (internal citations omitted). The burden initially falls on the plaintiff to show the first two prongs but subsequently shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

Assuming, but not finding, that Plaintiff can state a claim for injunctive relief against the individual defendants, only one is located in the State of Nevada. Brett Basler, General Hokanson, Ken McNeill, William Poppler, and Bernard Doyle are located in Arkansas, Virginia or Washington D.C. Plaintiff states all acts that underlie this action "occurred in the Headquarters of the National Guard Bureau, in Arlington Virginia." ECF No. 2-1 at 4. Together, these facts support neither general nor specific personal jurisdiction over Messrs. Basler, McNeill, Poppler, and Doyle, as well as General Hokanson. Therefore, the Court dismisses these Defendants without prejudice granting Plaintiff one opportunity to state the basis for personal jurisdiction as to each of them.

### V.  Plaintiff Fails to State a Claim Against Defendant Garduno.

As explained above, if Plaintiff seeks to sue Defendant Garduno, a Brigadier General with the Nevada Air National Guard, in his inidividual capacity for money damages, Plaintiff fails to state such a claim. In fact, while Brig. Gen. Garduno is named as a Defendant on page 2 of Plaintiff's Complaint, Garduno's name does not appear in the Complaint again. As such, Plaintiff has not identified a cause of action or otherwise pleaded conduct by Garduno that states a claim for relief. In the absence of a single fact that ties an event in which Garduno played a role to a deprivation of Plaintiff's rights, there is no claim against Garduno that can proceed.

### VI.  Order

IT IS HEREBY ORDERED that all of Plaintiff's claims against Messrs. Basler, McNeill, Poppler, Doyle, and General Hokanson are dismissed without prejudice and with **one** opportunity to amend based on a failure to establish that the Court may exercise personal jurisdiction over these

Defendants. If Plaintiff chooses to amend his Complaint in an attempt to state one or more claims against these Defendants, he must plead facts that would establish personal jurisdiction over each Defendant. In the absence of such facts pleaded in an amended complaint, the Court will recommend dismissal of all of these Defendants with prejudice.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Garduno, if asserted against him in his individual capacity, are dismissed without prejudice and with leave to amend. An amended complaint must state the specific acts, or failures to act, that would support an identified violation of Plaintiff's federal statutory or constitutional law by Garduno.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **November 8, 2024**. Plaintiff is advised not to raise claims against immune entities or individuals in their official capacities if he chooses to file an amended complaint.

## VII.  Recommendation

IT IS HEREBY RECOMMENDED that all of Plaintiff's claims against the Merit System Protection Board, National Guard Bureau, and Office of Special Counsel be dismissed with prejudice as these entities are immune from suit.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against Defendants Garduno, Basler, Hokanson, Poppler, McNeill and Doyle in their official capacities seeking money damages, be dismissed with prejudice as such claims are equivalent to a suit against the United States, which is immune from suit.

IT IS FURTHER RECOMMENDED that Plaintiff's claim under the Posse Comitatus Act be dismissed with prejudice.

Dated this 8th day of October, 2024.

ELAYNA J. YOUCHAH  
UNITED STATES MAGISTRATE JUDGE

5

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).