UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN AKERMAN, I,<br><br>        Plaintiff,<br>vs.<br><br>CAESAR GARDUNO, *et. al.*,<br><br>        Defendants. | Case No.: 2:24-cv-01602-GMN-EJY<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |

Pending before the Court is the Order and Report and Recommendation ("R&R"), (ECF No. 17), from United States Magistrate Judge Elayna J. Youchah, which recommends dismissing (1) claims against agencies of the federal government as immune, (2) claims for money damages against individual defendants in their official capacities, and (3) Plaintiff's claim brought under the Posse Comitatus Act.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

On October 8, 2024, the Magistrate Judge screened Plaintiff's complaint, ordered the dismissal certain claims with leave to amend, recommended the dismissal of other claims with prejudice, and gave Plaintiff until November 8, 2024, to file an amended complaint. (*See* R&R, ECF No. 17).  Plaintiff filed an Objection to the R&R, (ECF No. 23), so the Court reviews the

Magistrate Judge's findings and recommendations *de novo*.

The Magistrate Judge's first recommendation is that Plaintiff's claims against the Merit Systems Protection Board ("MSPB"), National Guard Bureau, and Office of Special Counsel be dismissed with prejudice because they are federal agencies and thus immune from suit. (R&R 1:10–12, 5:13–15). Plaintiff alleged that he faced racial discrimination, and that the MSPB and Office of Special Counsel failed to address the violations effectively. (Compl. at 8). In his Objection, he argues that his "inclusion of specific events and the role of various Defendants in discriminatory decision-making are sufficient to meet the *Iqbal* standard for this stage." (Obj. at 3). He does not address the Magistrate's explanation that the entities are immune from suit.

The Magistrate Judge correctly cited *F.D.I.C. v. Meyer*, which held that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." 510 U.S. 471, 475 (1994). And each of the three named Defendants at issue here are government agencies. *See* 5 C.F.R. § 1200.1 (The MSPB is "an independent Government agency that operates like a court."); *see also California Nat. Guard v. Fed. Lab. Rels. Auth.*, 697 F.2d 874, 879 (9th Cir. 1983) and 10 U.S.C. § 10503 (stating that the National Guard Bureau is a federal agency); U.S. Office of Special Counsel, https://osc.gov/Agency (last visited Nov. 6, 2024) (stating the Office of Special Counsel is a federal agency). Plaintiff does not argue that a waiver applies, nor address the immunity of these agencies. The Magistrate Judge's recommendation is therefore adopted.

Next, the Magistrate Judge recommended that Plaintiff's claims seeking money damages against Defendants Garduno, Basler, Hokanson, Poppler, McNeill, and Doyle, in their official capacities, be dismissed with prejudice as such claims are equivalent to a suit against the United States. (R&R 2:12–15, 5:16–19). Plaintiff does not address this argument in his Objection, but reasserts that the defendants subjected him to retaliatory actions and

1  discrimination. (Obj. at 3).  His complaint does not clarify whether he is bringing claims
2  against the state and federal government officials in their personal or official capacities.
3         If Plaintiff is bringing claims against state officials in their official capacities, for money
4  damages, they must be dismissed with prejudice.  The Eleventh Amendment dictates that the
5  State and its officials acting in their official capacity cannot be sued for money damages. *See*
6  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its
7  officials acting in their official capacities are 'persons' under § 1983.").  Plaintiff's official-
8  capacity claims are properly treated as claims against the State. *See Shilling v. Crawford*, 377 F.
9  App'x 702, 704–05 (9th Cir. 2010) (suits against state officials in official capacity for damages
10 are "no different than suits against the state itself").  Similarly, "a *Bivens* action can be
11 maintained against a defendant in his or her individual capacity only, and not in his or her
12 official capacity." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).  The Court thus
13 adopts the recommendation to dismiss with prejudice the claims against government official
14 Defendants in their official capacities.
15        Lastly, the Magistrate Judge recommends dismissal of Plaintiff's claim brought under
16 the Posse Comitatus Act because it does not contain a private right of action. (R&R 2:16–17).
17 Plaintiff argues that even if the Act does not allow for a private cause of action, his allegations
18 point to a misuse of military personnel. (Obj. at 3).  Because the Posse Comitatus Act is a
19 criminal statute that does not authorize a civil cause of action, the Court adopts the Magistrate
20 Judge's recommendation and dismisses this claim with prejudice. *See U.S. v. Batchelder*, 442
21 U.S. 114, 124 (1979); *Panagacos v. Towery*, 782 F. Supp. 2d 1183, 1190 (W.D. Wash. 2011),
22 *aff'd*, 501 F. App'x 620 (9th Cir. 2012) ("The PCA is a criminal statute. It does not authorize a
23 civil cause of action.").
24        In addition to his objection of the dismissal of certain claims, Plaintiff objects to the
25 Magistrate Judge's screening of his complaint. (Obj. at 4).  However, Plaintiff is proceeding *in*

*forma pauperis*, and thus the Magistrate Judge has the authority to screen his Complaint. *See* 28 U.S.C. § 1915(e)(2).

The Court therefore ADOPTS the Report and Recommendation and dismisses with prejudice: (1) Defendant federal agencies as immune from suit, (2) official capacity claims brought against state and federal government officials, and (3) Plaintiff's claim brought under the Posse Comitatus Act.

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 17), is **ACCEPTED and ADOPTED** in full.

Dated this __7__ day of November, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court