UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN AKERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CAESAR GARDUNO, BRETT BASLER, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-01602-GMN-EJY<br><br>**ORDER** |

    Pending before the Court is Plaintiff's Motion to Reconsider Order Denying Plaintiff's Status Update and Motion to Hold Case in Abeyance.  ECF No. 43.

    Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b).  Rule 60(b) is not applicable here.  "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  United States District Court for the District of Nevada Local Rule 59-1 states: "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction.  Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  This authority, however, "is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case."  *Mkhitaryan v. U.S. Bank, N.A.*, Case No. 2:11-cv-01055-JCM-CWH, 2013 WL 211091, at \*1 (D. Nev. Jan. 18, 2013) *citing Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001).

1  Here, Plaintiff provides no basis for reconsideration. There is no new evidence provided, no basis for concluding the Court committed clear error, and Plaintiff cites no change to an intervening change in the law. Plaintiff offers no discussion of manifest injustice.

Accordingly, Plaintiff's Motion to Reconsider Order Denying Plaintiff's Status Update and Motion to Hold Case in Abeyance (ECF No. 43) is DENIED.

Dated this 23rd day of December, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE