UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| MARTIN AKERMAN, I,<br><br>            Plaintiff,<br>     vs.<br><br>CAESAR GARDUNO, *et. al.*,<br><br>            Defendants. | Case No.: 2:24-cv-01602-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Compel Arbitration, (ECF No. 7),[1] Motion for Reconsideration, (ECF No. 28), Objection to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 39), and Emergency Motion for Relief, (ECF No. 45). For the following reasons, the Court **DENIES** Plaintiff's motions.

**A. Motion for Reconsideration**

Plaintiff asks the Court to reconsider its Order Adopting the Magistrate Judge's R&R, (ECF No. 27), because the Order did not account for Plaintiff's supplemental materials. (Mot. Reconsideration, ECF No. 28). These supplemental materials were filed at ECF Nos. 14-1, 24-2, and 24-3. (Supp. Order, ECF No. 26). The Court's previous Order Adopting the Magistrate Judge's R&R dismissed the defendant federal agencies as immune from suit, dismissed official capacity claims brought against state and federal government officials, and dismissed Plaintiff's claim brought under the Posse Comitatus Act because it does not contain a private right of action. Plaintiff's supplemental materials do not impact these legal conclusions, and thus his Motion for Reconsideration is DENIED.

---

[1] Because Plaintiff's Motion to Compel Arbitration was filed before stating a claim upon which he can proceed, the motion is DENIED as premature and without prejudice so that Plaintiff may re-file after he has filed an operative complaint that survives screening. Plaintiff currently has a January 17, 2025, deadline by which to file his Second Amended Complaint. (Order, ECF No. 38).

### B. Objection to R&R

Plaintiff's Objection to the Magistrate Judge's second R&R objects to the R&R's dismissal of claims against Defendant Kerner. (Obj., ECF No. 39). Plaintiff also requested a 127-day extension to file his Second Amended Complaint, but the Court advises Plaintiff that any motions to extend time must be filed separately, per Local Rule IC 2-2.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

The Magistrate Judge found that Plaintiff's Amended Complaint lacked facts demonstrating personal jurisdiction over Defendant Kerner because nothing in the Complaint alleged that Kerner engaged in any activities in Nevada. (R&R 3:20–28, ECF No. 38). She also found that because Plaintiff filed a "Right to File a Civil Action," which is awaiting transfer to the District of Nevada from the U.S. Court of Appeals for the Ninth Circuit, that this Court lacked authority to hear claims against Kerner until the Ninth Circuit rules. (*Id.* 2:26–3:2). Plaintiff's Objection states that the pending remand from the Ninth Circuit will clarify facts regarding jurisdiction in Nevada. (Obj. at 2). The Magistrate Judge recommended that the claims against Defendant Kerner be dismissed, and Plaintiff be ordered not to replead claims against Defendant Kerner unless and until Ninth Circuit rules on his "Right to File a Civil Action." (R&R 8:15–18). Because Plaintiff was given the opportunity to replead claims against Defendant Kerner in the future, his Objection is DENIED.

### C. Emergency Motion for Relief

Lastly, Plaintiff's Emergency Motion appeals the Magistrate Judge's Order dated December 23, 2024, which denied reconsideration of Plaintiff's request to hold the case in abeyance. (Emergency Mot. at 2, ECF No. 45). When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted).

Plaintiff's Emergency Motion provides no argument as to why the Magistrate Judge's Order Denying Reconsideration was clearly erroneous or contrary to law. It explains only the Order should be certified for review by the District Judge. Plaintiff's Motion is therefore DENIED. Plaintiff also asks the Court for additional relief such as service by the U.S. Marshal and an updated case caption, consideration of his Objection at ECF No. 39, and renewal of his Motion to Compel Arbitration. (Emergency Mot. at 2–5). As noted above, Plaintiff must file a separate motion for each of his requested actions from the Court. And because this Order addresses his pending Objection and Motion to Compel, those requests are moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Compel, (ECF No. 7), is **DENIED** as premature.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration, (ECF No. 28), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 38), is **ACCEPTED** and **ADOPTED,** in full.  Plaintiff's Second Amended Complaint must be filed no later than **January 17, 2025**.  The Second Amended Complaint must be complete in and of itself.  The Court cannot refer to Plaintiff's prior pleadings to assess whether Plaintiff states a claim.

**IT IS FURTHER ORDERED** that the Emergency Motion, (ECF No. 45), is **DENIED**.

Dated this __3__ day of January, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court