UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN AKERMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAESAR GARDUNO, BRETT BASLER, et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-01602-GMN-EJY<br><br>**ORDER** |

　　　Pending before the Court is Plaintiff's Motion to Reconsider ECF Nos. 7 and 46 Due to Judicial Error, Manifest Injustice, and Due Process Violation. ECF No. 56. In ECF No. 46, the Court considered Plaintiff's request "to reconsider its Order Adopting the Magistrate Judge's R&R, (ECF No. 27), because the Order did not account for Plaintiff's supplemental materials. (Mot. Reconsideration, ECF No. 28)." ECF No. 46 at 1. The Court found Plaintiff's supplemental materials, filed at ECF Nos. 14-1, 24- 2, and 24-3, did not demonstrate the dismissal of (i) defendant federal agencies as immune from suit, (ii) official capacity claims brought against state and federal government officials, and (iii) claims brought under the Posse Comitatus Act were erroneous and, therefore, denied Plaintiff's then-pending motion for reconsideration. *Id*. The Court further denied Plaintiff's Motion to Compel Arbitration (ECF No. 7) because the motion "was filed before stating a claim upon which he can proceed." *Id*. at 1 n.1. As of the date of this Order, Plaintiff has not filed an operative complaint stating a claim on which he can proceed.

　　　A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). United States District Court for the District of Nevada Local Rule 59-1 states: "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed,

1

(2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." This authority, however, "is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case." *Mkhitaryan v. U.S. Bank, N.A.*, Case No. 2:11-cv-01055-JCM-CWH, 2013 WL 211091, at *1 (D. Nev. Jan. 18, 2013) *citing Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001). Here, Plaintiff claims error and manifest injustice, but the Court finds none.

Plaintiff seeks reconsideration because there is a waiver of sovereign immunity under the Whistleblower Protection Act and no *Ex Parte Young* immunity for injunctive relief claims. ECF No. 56 at 2. Plaintiff also references his pending Ninth Circuit appeal, but does not explain how this impacts the Court's prior decision. Plaintiff cites written opinions from this case and the federal circuit, none of which represent an intervening change in legal precedent. Thus, Plaintiff's arguments fails to demonstrate the Court's prior orders were erroneous or resulted in manifest injustice.

Plaintiff's arguments do not overcome the findings that (i) there is no present jurisdiction over Defendant Henry Kerner (ECF No. 38 at 2-3); (ii) Plaintiff fails to establish personal jurisdiction over Defendant Caesar Garduno (*id*. at 4); (iii) although Plaintiff's caption no longer identifies Brett Basler as a Defendant, Plaintiff fails to establish personal jurisdiction over Mr. Basler (*id*); and (iv) Plaintiff fails to address his insufficient pleading of Fourth or Fifth Amendment claims, his retaliation claim, his claim based on emotional distress, and damage to his reputation and professional standing. ECF No. 56 at 2-4 *compare* ECF No. 38 at 5-8. The Court's findings in ECF No. 38 were adopted on January 3, 2025, in ECF No. 46.

Said simply, Plaintiff presents no new evidence, intervening change in the law, or basis to conclude the Court's prior conclusions were either erroneous or resulted in manifest injustice. Plaintiff has been granted a third opportunity to plead his claims with leave to do so extended more than once. The due date for the Second Amended Complaint is March 3, 2025. ECF No. 53.

2

1   Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider ECF Nos. 7 and 46 Due to Judicial Error, Manifest Injustice, and Due Process Violation (ECF No. 56) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's proposed second amended complaint is due no later than **March 3, 2025**. Plaintiff is advised that failure to timely comply with this Order will result in a recommendation to dismiss this action in its entirety without prejudice.

Dated this 14th day of February, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE