**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARTIN AKERMAN,

               Plaintiff,

     vs.

HENRY J. KERNER, *et al.*

             Defendants.

Case No.: 2:24-cv-01602-GMN-EJY

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 70), from United States Magistrate Judge Elayna J. Youchah, which recommends that (1) all of Plaintiff's claims against federal agencies seeking money damages be dismissed with prejudice, (2) all of Plaintiff's claims against the named federal agencies seeking injunctive or declaratory relief be dismissed without prejudice, but without leave to amend, (3) Plaintiff's claims against Brett Basler, Henry Kerner, Henry Dellinger, Cathy Harris, and Robert J. Conrad, Jr., be dismissed with prejudice, and (4) Plaintiff's claims against Brigadier General Caesar Garduno be dismissed without prejudice and without leave to amend. (R&R 9:2–21, ECF No. 70).

Further pending before the Court are the Motion to Enforce Settlement Agreement, (ECF No. 74), Motion to Remand to the Merit Systems Protection Board ("MSPB"), (ECF No. 77), Motion to Reopen Case, (ECF No. 80), Motion to Stay Case, (ECF No 82), Motion for Enlargement of Time, (ECF No. 86), and the Motion to Amend Complaint, (ECF No. 87),[1] filed by Plaintiff.  Because none of Plaintiff's complaints have progressed past the screening stage, no Defendants filed Responses to these motions.

---

[1] While Plaintiff's Motion to Amend Complaint was originally filed under ECF No. 87, Plaintiff mistakenly filed an unrelated motion as the main document.  Plaintiff filed the correct document under ECF No. 88.

For the reasons discussed below, the Court adopts the Report and Recommendation in full and denies Plaintiff's remaining pending motions as moot.

## I.    BACKGROUND

This case arises from alleged retaliation Plaintiff faced as a whistleblower from the federal government. (Second Amended Complaint ("SAC") at 10, ECF No. 67).  This is Plaintiff's third pleading attempt.  Plaintiff's initial Complaint, (ECF No. 2-1), was screened by Magistrate Judge Elayna Youchah, who recommended that all of Plaintiff's claims be dismissed, some with prejudice and others without prejudice. (*See* R&R on Compl. 4:26–5:21, ECF No. 17).  Those recommendations were adopted by this Court. (*See* Order Adopting R&R on Compl., ECF No. 27).  Thereafter, the Magistrate screened Plaintiff's First Amended Complaint ("FAC"), (ECF No. 37), and similarly recommended that all of Plaintiff's claims be dismissed. (R&R on FAC 8:4–18, ECF No. 38).  This Court again adopted the Magistrate's recommendations. (*See* Order Adopting R&R on FAC, ECF No. 46).  The Magistrate now recommends that all of Plaintiff's claims asserted in his SAC be dismissed. (R&R 9:2–21).

## II.    LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C.A. § 636(b)(1)(B); LR IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. LR IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C.A. § 636(b)(1); LR IB 3-2(b).

On March 11, 2025, the Magistrate Judge screened Plaintiff's SAC and recommended that it be dismissed in its entirety without leave to amend. (*See* R&R 9:2–21).  Plaintiff filed an Objection to the R&R, (ECF No. 71), so the Court reviews the Magistrate Judge's findings and

recommendations *de novo*.

### III.  **DISCUSSION**

Plaintiff raises eight objections to the R&R but does not object to the Magistrate's first and third recommendations. (*See generally* Obj.).  The Court analyzes each of the Magistrate's recommendations to which Plaintiff objects in turn.

#### A.  The Magistrate's Second Recommendation

Plaintiff names the following federal agencies as Defendants in his SAC: the Office of Personnel Management ("OPM"), the Equal Employment Opportunity Commission ("EEOC"), the Department of Defense ("DOD"), the Department of Labor ("DOL"), the U.S. Department of State ("DOS"), the U.S. Army (the "Army"), the U.S. Air Force (the "Air Force"), the National Security Agency ("NSA"), the U.S. Postal Service ("USPS"), the Administrative Office of the U.S. Courts ("AO"), and the Social Security Administration ("SSA") (collectively, the "Government Defendants"). (R&R 1:24–2:2).  Plaintiff alleges that the OSC, MSPB, DOD, OPM, EEOC, and the Army conspired to suppress Plaintiff's whistleblower complaints and prevented Plaintiff from challenging his removal. (SAC at 12–13).

The Magistrate's second recommendation is that all of Plaintiff's claims against the Government Defendants seeking injunctive or declaratory relief be dismissed without prejudice, but without leave to amend. (R&R 9:8–10).  The Magistrate recommends denying these claims without leave to amend because (1) Plaintiff's SAC is prolix, (2) Plaintiff's SAC fails to state a claim despite three pleading attempts, and (3) with respect to claims arising from employment that fall under the Civil Service Reform Act ("CSRA"), jurisdiction lies in the Federal Circuit. (*Id.* 9:10–12).  In his Objection, Plaintiff argues that his SAC is not prolix because it is only sixteen pages in length, that his claims meet the requirements of Federal Rule of Civil Procedure ("FRCP") 8(a), and that this Court does have jurisdiction over his CSRA claims under 5 U.S.C.A. § 7702(e)(1)(B). (Obj. at 2, 3–6, 9).

The Court first notes that, as the Magistrate correctly concluded, Plaintiff does not state a claim for injunctive or declaratory relief against the Government Defendants. Plaintiff's allegations against the Government Defendants in his SAC are stated as conclusions with no factual support. (*See, e.g.*, SAC at 12 (alleging that Government Defendants "engaged in systemic efforts to suppress Plaintiff's whistleblower complaints")); (*id.* at 13 (alleging that Government Defendants "engaged in a pattern of obstruction, preventing Plaintiff from effectively challenging removal")). In his Objection, Plaintiff summarily asserts that his allegations satisfy the requirements of FRCP 8(a) without addressing the substance of the Magistrate's conclusion. (Obj. at 9). Thus, the Court agrees that Plaintiff fails to state a claim for injunctive or declaratory relief against the Government Defendants and adopts the Magistrate's recommendation to dismiss these claims without prejudice.

The Court next determines whether to adopt the Magistrate's recommendation that Plaintiff be given no leave to amend. First, the Magistrate recommends denying leave to amend because Plaintiff's SAC is prolix. Plaintiff argues that his SAC is not prolix because it is only sixteen pages in length, and that the lengthy exhibits "were not part of the SAC itself." (Obj. at 2). However, as the Magistrate pointed out, "[t]here are virtually no facts alleged in the SAC without the 117 pages of appendices." (R&R 4:18). FRCP 8 requires that a complaint plead sufficient facts to give a defendant fair notice of the claims against them and the grounds upon which it rests. *Yamaguchi v. U.S. Dep't of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Given the lack of factual allegations in the SAC, a defendant would have no choice but to comb through Plaintiff's extensive exhibits to determine the grounds for Plaintiff's claims, a task which would be prejudicial to the defendant. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Thus, the Court agrees that Plaintiff's SAC is prolix.

///

Second, the Magistrate recommends that leave to amend be denied because to the extent that Plaintiff's claims against the Government Defendants fall within the CSRA, Plaintiff must exhaust the procedures provided for in that statute, and then appeal to the Federal Circuit. (R&R 6:25–7:7). Plaintiff responds that this Court has jurisdiction over his CSRA claims under 5 U.S.C.A. § 7702(e)(1)(B), which permits an employee to file an action in a district court if the MSPB does not issue a judicially reviewable action within 120 days. (Obj. at 3); *see Kloeckner v. Solis*, 568 U.S. 41, 54 (2012). Here, Plaintiff points to two MSPB cases he filed which he contends have been pending for more than 120 days and thus support this Court's jurisdiction over his CSRA claims. (Obj. at 4). However, Plaintiff does not attach any documentation of either case to his Objections or his SAC.[2] Thus, Plaintiff fails to meet his burden of establishing that the Court has jurisdiction over his CSRA claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that the burden of establishing jurisdiction lies with the party asserting jurisdiction). Even if this Court had jurisdiction, that would not disturb the Magistrate's recommendation to dismiss Plaintiff's claims for injunctive and declaratory relief against the Government Defendants without leave to amend. Because the Court agrees with the Magistrate that the SAC is prolix and fails to state a claim despite multiple pleading opportunities, the Magistrate's recommendation is adopted.

**B. The Magistrate's Fourth Recommendation**

The Magistrate's fourth recommendation is that Plaintiff's claims against Brigadier General Cesar Garduno be dismissed without prejudice but without leave to amend. (R&R 9:16–17). The Magistrate recommends dismissing these claims without leave to amend because (1) Plaintiff has had multiple pleading opportunities, (2) Plaintiff fails to state a claim

---

[2] While Plaintiff does provide documentation of his MSPB cases in his separate Motion to Remand to Merit Systems Protection Board, (ECF No. 77), that document is not a part of Plaintiff's SAC or Objection. "In screening under § 1915(e)(2) . . ., the Court generally may not consider materials outside the complaint and pleadings." *Gibbs v. Jens*, No. 2:20-CV-1956-KJM-DMC, 2022 WL 2067971, at *2 (E.D. Cal. June 8, 2022), *report and recommendation adopted*, 2022 WL 4078847 (E.D. Cal. Sept. 6, 2022).

on which relief may be granted, (3) there is no private right of action for claims under 5 U.S.C.A. § 6329b, and (4) any claims arising under his employment fall under the CSRA and must be brought in the Federal Circuit. (*Id.* 9:17–21). In his Objection, Plaintiff argues that his claims meet the requirements of FRCP 8(a), and that this Court does have jurisdiction over his CSRA claims under 5 U.S.C.A. § 7702(e)(1)(B). (Obj. at 2, 3–6, 9).

The Magistrate correctly concluded that Plaintiff's SAC pleads only conclusory allegations against Defendant Garduno. (R&R 6:20–24 (citing SAC at 7–9, 11–12)). Here, Plaintiff asserts two claims against Defendant Garduno: (1) § 1983 claim for unlawful seizure and retaliatory detention, and (2) § 1983 claim for retaliation and due process violations. (SAC at 11–12). In support of his first claim, Plaintiff alleges only that Defendant Garduno "acted under color of state and federal law to forcibly remove Plaintiff from his position and detain him without due process." (*Id.* at 11). In support of his second claim, Plaintiff alleges only that Defendant Garduno "conspired to deprive Plaintiff of due process." (*Id.* at 12). Conclusory recitations of the elements of a cause of action are not sufficient to state a claim under FRCP 8(a). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's equally conclusory statement in his Objection that his claims do have enough factual support to pass FRCP 8(a) muster is unavailing. (Obj. at 9).

Moreover, the Court agrees with the Magistrate that Plaintiff should be denied leave to amend. First, Plaintiff has now had three pleading opportunities and has failed to plead any factual allegations establishing liability against Defendant Garduno. Second, as the Magistrate correctly noted, Plaintiff cites no authority establishing that 5 U.S.C.A. § 6329b provides for a private right of action. (R&R 7:8–10). Indeed, Plaintiff admits in his Objection that there is no such private right of action. (Obj. at 7). Finally, as discussed above, while Plaintiff contends that this Court would have jurisdiction over his CSRA claims under 5 U.S.C.A. § 7702(e)(1)(B), he fails to provide the Court with documentary evidence that his MSPB cases

have been pending for over 120 days.  The potential for jurisdiction over these claims does not justify leave to amend in light of Plaintiff's repeated failure to state a claim despite multiple pleading opportunities.  Therefore, the Magistrate's recommendation that Plaintiff's claims against Defendant Garduno be dismissed without prejudice and without leave to amend is adopted.

### C. Plaintiff's Remaining Objections

Four of Plaintiff's eight objections are not directed towards any of the Magistrate's specific recommendations, but rather object to the dismissal of this case generally. (*See* Obj. at 2–3, 7–8, 9–10).  The Court addresses each in turn.

#### 1. Plaintiff's Second Objection

In his second objection, Plaintiff argues that "sua sponte dismissal of Plaintiff's claims is procedurally improper and violates due process because Defendants have not yet moved to dismiss and Plaintiff's in forma pauperis [] status was granted." (Obj. at 2).  Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C.A. § 1915(e)(2).  That statute requires courts to dismiss claims that are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C.A. § 1915(e)(2)(B).  Because the Magistrate here recommended that Plaintiff's claims be dismissed because he fails to state a claim on which relief can be granted, the Court overrules Plaintiff's second objection.

#### 2. Plaintiff's Fifth Objection

In his fifth objection, Plaintiff contends that the Magistrate's recommendation "fails to adhere to established fairness principles for pro se litigants." (Obj. at 7).  Plaintiff cites *Haines v. Kerner*, 404 U.S. 519 (1972) for the proposition that "pro se pleadings must be liberally construed and not dismissed without full consideration." (Obj. at 7).  Here, however, Plaintiff has not only been given three pleading opportunities, but the Magistrate reviewed each of Plaintiff's claims and correctly concluded that he failed to state a claim on which relief can be

granted. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (explaining that although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).   Plaintiff offers no basis on which this Court could conclude that his claims have not received full consideration, and the Court thus overrules Plaintiff's fifth objection.

### 3.   Plaintiff's Sixth Objection

In his sixth objection, Plaintiff asserts that his claims against Defendants Basler and Garduno do not fail as a matter of law because neither Defendant is immune from liability. (Obj. 7–8).  However, neither of the Magistrate's recommendations on Plaintiff's claims asserted against Defendants Basler and Garduno were premised on their immunity from liability.  In her third recommendation, the Magistrate recommended dismissing Plaintiff's claims against Defendant Basler for failure to establish this Court's personal jurisdiction over Defendant Basler. (R&R 5:3–6:17).  In her fourth recommendation, the Magistrate recommended dismissing Plaintiff's claims against Defendant Garduno because Plaintiff pleads only conclusory allegations against Defendant Garduno. (*Id.* 6:19–7:16).  Plaintiff does not object to the substance of either recommendation. (*See generally* Obj.).  The Court thus overrules Plaintiff's sixth objection.

### 4.   Plaintiff's Eighth Objection

In his eighth objection, Plaintiff argues that if this Court lacks jurisdiction over his claims, it should transfer the case to the proper jurisdiction under 28 U.S.C. § 1631. (Obj. at 9). However, the Magistrate based her recommendations *to deny Plaintiff leave to amend*, in part, on this Court's lack of jurisdiction over Plaintiff's CSRA claims. (R&R 9:9–12, 9:17–21).  The Magistrate did not recommend that Plaintiff's claims be dismissed for lack of jurisdiction, but because Plaintiff failed to state a claim on which relief could be granted. (*Id.* 9:6–21).   The Court thus overrules Plaintiff's eighth objection.

The Court therefore ADOPTS the Report and Recommendation in full.  Because all of Plaintiff's claims are either dismissed with prejudice or dismissed without prejudice and without leave to amend, this case will now be closed.  Therefore, all other pending motions in this case are moot.

## IV.    <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 70), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Entity Defendants seeking money damages and Plaintiff's claims against Defendants Basler, Kerner, Dellinger, Harris, and Conrad, Jr. are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Entity Defendants seeking injunctive or declaratory relief and Plaintiff's claims against Defendant Garduno are **DISMISSED without prejudice** but without leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Settlement Agreement, (ECF No. 74), Motion to Remand to the Merit Systems Protection Board, (ECF No. 77), Motion to Reopen Case, (ECF No. 80), Motion to Stay Case, (ECF No 82), Motion for Enlargement of Time, (ECF No. 86), and the Motion to Amend Complaint, (ECF No. 87), are **DENIED as moot**.

The Clerk of Court is kindly directed to close this case.

**DATED** this __5__ day of February, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court